81 F.3d 1147
 317 U.S.App.D.C. 191, 17 O.S.H. Cas. (BNA) 1609
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
BROSHEAR CONTRACTORS, INC., Petitioner,
v.
Robert B. REICH, Secretary of Labor, U.S. Department of
Labor, Respondent.
 No. 94-1768.
 United States Court of Appeals, District of Columbia Circuit.
 March 25, 1996.
 
 Before: WILLIAMS, SENTELLE, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition for review was considered on an order of the Occupational Safety and Health Review Commission and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the petition for review be denied for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 First, the record is clear that petitioner's foreman consented to an inspection of the site. The testimony is inconsistent on the issue whether the compliance officer who inspected the site indicated to the foreman that there were no problems. Nevertheless, given the scope and length of the inspection, and the fact that the foreman knew that company policy required a company safety officer to be present at all inspections, there is adequate support for the conclusion that the foreman was not misled into believing there was no need for the safety officer to be present. Second, for the reasons stated in the Commission's decision, substantial evidence supports the finding that the trench was not properly sloped. Third, the Commission was not required to assess the performance of the trench. The sloping standards upon which petitioner relied exclusively are "performance oriented only insofar as they allow the employer to use alternative methods of protection in certain circumstances." Conie Construction, Inc. v. Reich, 73 F.3d 382, 384 (D.C.Cir.1995) (per curiam). Nor was the Commission required to determine whether petitioner's violation of the OSHA standards was de minimis. Id. Finally, with respect to petitioner's violation of the safe egress requirements, it is not necessary to decide whether the Commission should have used precedent based on the former "adequate means" standard because, in this case, the record supports the conclusion that there was no adequate or safe means of egress at or near the south end of the trench because, unlike in the cases cited by petitioner, the employees could not exit there easily.